IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JAMES E. THOMAS, JR., # 183374,     )
                                   )
       Petitioner,         )
                                   )
     v.                     )     Civil Action No. 2:16cv629-ECM
                                   )            [WO]
DEWAYNE ESTES, *et al.,*         )
                                   )
       Respondents.       )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Acting *pro se*, Alabama inmate James E. Thomas, Jr. brings this petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his guilty plea conviction for reckless murder.  Doc. No. 1.[1]

## I.   BACKGROUND

### A.   Guilty Plea and Sentence

On May 25, 2012, Thomas pleaded guilty in the Circuit Court of Montgomery County to the offense of reckless murder, in violation of § 13A-6-2(a)(2), Ala. Code 1975. The indictment charged that Thomas recklessly engaged in conduct that manifested extreme indifference to human life and created a grave risk of death to another person, specifically, by operating a motor vehicle while under the influence of alcohol and/or a controlled substance, causing the death of another person by striking that person's vehicle

---

[1] References to "Doc. No(s)" are to the document numbers of the pleadings, motions, and other materials in the court file, as compiled and designated on the docket sheet by the Clerk of Court.  Pinpoint citations are to the page of the electronically filed document in the court's CM/ECF filing system, which may not correspond to pagination on the "hard copy" of the document presented for filing.

with his own vehicle.  Doc. 10-2 at 12.  On June 1, 2012, the trial court sentenced Thomas

to 20 years in prison.  *Id.* at 13–15.  Thomas took no appeal.

## B.     State Post-Conviction Proceedings

On February 19, 2013, Thomas filed a *pro se* petition in the trial court seeking post-

conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure.  Doc. No.

10-1 at 8–22.  Thomas's Rule 32 petition, as later amended (*see id*. at 30–38), raised the

following claims:

1.  Trial counsel was ineffective for failing to negotiate a reasonable plea bargain.

2.  Trial counsel was ineffective for failing to (a) explain the elements and required mental state of the offense of reckless murder; (b) explain the elements of the lesser-included offenses; (c) obtain the indictment and explain it to him; and (d) obtain the presentence report and explain it to him before he entered his guilty plea.

3.  His guilty plea was the product of duress, deception, and misrepresentations by his counsel.

4.  His guilty plea was not knowing and voluntary because the trial court did not advise him he would not be eligible for parole until he served 15 years of his sentence.

5.  Trial counsel was ineffective for advising him he could be paroled after serving no more than 5 years in prison if he pleaded guilty when, under Alabama law, he would not be eligible for parole consideration before serving 15 years of his sentence.

Doc. No. 10-1 at 8–22 & 30–38.

On July 25, 2013, the trial court entered an order denying Thomas's Rule 32 petition.[2]  Doc. No. 10-1 at 53.  Thomas appealed, essentially reasserting the claims from his Rule 32 petition.  Doc. No. 10-6.  The Alabama Court of Criminal Appeals remanded the case for the trial court to make specific findings of fact regarding Thomas's claim that his counsel was ineffective for advising him he could be paroled after serving no more than five years in prison if he pleaded guilty when, under Alabama law, he would not be eligible for parole consideration until serving 15 years in prison.  Doc. No. 10-3 at 5–6.  After conducting an evidentiary hearing on this claim, the trial court entered an order denying relief, finding that Thomas's trial counsel had not assured him of a specific sentence or promised him he would serve only five years in prison.  Doc. No. 10-3 at 7.

---

[2] The trial court's order found as follows:

>Petitioner's 32.1(a) claim that he was denied effective assistance of counsel is without merit.  Under *Strickland v. Washington*, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. 466 U.S. 668, 689 (1984).  Regarding Petitioner's allegation that he did not receive effective assistance of counsel because Petitioner claims his attorney told him he would only have to serve 5 years if he pleaded guilty, the court informed him that his range of punishment was a minimum of 10 years to a maximum of life in prison.  The court also asked the defendant if he was promised anything in exchange for his plea of guilty and the defendant responded that he had not been promised anything in exchange for his plea of guilty.  The defendant made a voluntary plea of guilty in this case knowing the range of punishment he was facing and knowing that the guilty plea was made without a sentencing agreement in place.  The subjective hope or belief of a defendant or his attorney regarding the length of sentence, parole, conditions of confinement, etc., which are not based upon a promise by the State, is insufficient to warrant withdrawal of a guilty plea as unknowingly or involuntarily made.  *Culver v. State*, 549 So. 2d 568, 571 (Ala. Crim. App. 1989).  The fact that a defendant who knowingly and intelligently pleaded guilty later becomes dissatisfied with his sentence does not invalidate a guilty plea.  *Bland v. State*, 565 So. 2d 1240, 1242-43 (Ala. Crim. App. 1990).  Based on the foregoing. Petitioner's claim is without merit and is therefore DISMISSED.

Doc. No. 10-1 at 53.

On March 11, 2016, on return to remand, the Alabama Court of Criminal Appeals issued a memorandum opinion affirming the trial court's denial of Thomas's Rule 32 petition.  Doc. No. 10-8.  Thomas applied for rehearing, which was overruled.  On July 8, 2016, the Alabama Supreme Court denied Thomas's petition for writ of certiorari.  Doc. Nos. 10-9 & 10-10.

**C.**     **Section 2254 Petition**

On July 25, 2016, Thomas initiated this habeas action by filing a § 2254 petition in which he essentially reasserts the claims of ineffective assistance of counsel he presented in his state Rule 32 petition.  Doc. No. 1 at 3–14.  For the reasons that follow, it is the recommendation of the Magistrate Judge that Thomas's § 2254 petition be denied without an evidentiary hearing and this case dismissed with prejudice.

## II.    AEDPA Standard of Review

"When it enacted the Antiterrorism and Effective Death Penalty Act of 1996 ('AEDPA'), Congress significantly limited the circumstances under which a habeas petitioner may obtain relief."  *Hardy v. Allen*, 2010 WL 9447204, at *7 (N.D. Ala. Sep. 21, 2010).  To prevail on a § 2254 claim adjudicated on the merits by the state courts, a petitioner must show that a decision by the state courts was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts, in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(1) & (2); *see Williams v. Taylor*, 529 U.S. 362, 404–05 & 412–13 (2000).

4

A state court's decision is "contrary to" federal law either if it fails to apply the correct controlling authority, or if it applies the controlling authority to a case involving facts "materially indistinguishable" from those in a controlling case, but nonetheless reaches a different result. *Williams*, 529 U.S. at 404–06; *Bell v. Cone,* 535 U.S. 685, 694 (2002). A state court's decision is an "unreasonable application" of federal law if it either correctly identifies the governing rule but then applies it to a new set of facts in a way that is objectively unreasonable, or it extends or fails to extend a clearly established legal principle to a new context in a way that is objectively unreasonable. *Williams*, 529 U.S. at 407.

"Objectively unreasonable" means something more than an "erroneous" or "incorrect" application of clearly established law, and a reviewing federal court may not substitute its judgment for the state court's even if the federal court, in its own independent judgment, disagrees with the state court's decision. *See Williams*, 529 U.S. at 411; *Lockyer v. Andrade,* 538 U.S. 63, 76 (2003). The reviewing court "must determine what arguments or theories supported or … could have supported[ ] the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). "This is a 'difficult to meet,' and 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt.'" *Cullen v. Pinholster*, 536 U.S. 170, 181 (2011) (internal citations omitted).

Federal courts are likewise directed to determine whether the state court based its findings on "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). A federal court "may not characterize these state-court factual determinations as unreasonable 'merely because [we] would have reached a different conclusion in the first instance.'" *Brumfield v. Cain*, 135 S.Ct. 2269, 2277 (2015) (citation omitted) (alteration in original). A state court's determination of a factual issue is "presumed to be correct," and the habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## III.   DISCUSSION

### A.   Voluntariness of Guilty Pleas

"A reviewing federal court may set aside a state court guilty plea only for failure to satisfy due process." *Stano v. Dugger*, 921 F.2d 1125, 1141 (11th Cir. 1991) (en banc) (citing *Boykin v. Alabama*, 395 U.S. 238, 243–44 (1969). The Due Process Clause requires that a guilty plea be entered knowingly and voluntarily. *Boykin*, 395 U.S. at 243 n.5; *see also Bousley v. United States*, 523 U.S. 614, 618 (1998). Thus, it is error for a trial court to accept a guilty plea "without an affirmative showing that it was intelligent and voluntary." *Boykin*, 395 U.S. at 242.

A plea is not voluntary in the constitutional sense "unless the defendant received real notice of the true nature of the charge against him." *Henderson v. Morgan*, 426 U.S. 637, 645 (1976) (quotation marks omitted). "Without adequate notice of the nature of the

charge against him, *or proof that he in fact understood the charge*, the plea cannot be voluntary" in the constitutional sense. *Henderson*, 426 U.S. at 645 n.13 (emphasis added). That said, the Supreme Court has "never held that the judge must himself explain the elements of each charge to the defendant on the record." *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005). Rather, due process is satisfied so long as the record establishes that the defendant has been informed of the elements of the offense by the time he enters his plea. *Id.* at 183 ("[T]he constitutional prerequisites of a valid plea may be satisfied where the record accurately reflects that the nature of the charge and the elements of the crime were explained to the defendant by his own, competent counsel.").

Due process is satisfied if the record as a whole establishes that the defendant fully understood the nature of the charges. *See Henderson*, 426 U.S. at 645 n.13 (noting that a defendant's guilty plea is voluntary if the record contains "proof that he in fact understood the charge"); *Stinson v. Wainwright*, 710 F.2d 743, 747–48 (11th Cir. 1983) (applying *Henderson* to conclude that the state court records as a whole, including the plea and sentencing transcripts, supported the conclusion that the plea was voluntary); *see also United States v. Monroe*, 353 F.3d 1346, 1350 & n.3 (11th Cir. 2003) (concluding, in the Federal Rule of Criminal Procedure 11 context, that a reviewing court may consult the whole record when considering whether a guilty-plea error occurred or prejudiced the defendant). In fact, the Supreme Court has indicated that "even without such an express representation, it may be appropriate to presume that in most cases defense counsel routinely explain the nature of the offense in sufficient detail to give the accused notice of

what he is being asked to admit." *Id.*; *see also Marshall v. Lonberger*, 459 U.S. 422, 436 (1983).

**B.**   ***Strickland* Standard on Ineffective Assistance of Counsel**

A claim of ineffective assistance of counsel is evaluated against the two-part test announced by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984).  First, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness."  *Id.* at 689.  Second, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694; *see Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000).

Scrutiny of counsel's performance is "highly deferential," and the court indulges a "strong presumption" that counsel's performance was reasonable.  *Chandle*r, 218 F.3d at 1314 (internal quotation marks omitted).  The court will "avoid second-guessing counsel's performance:  It does not follow that any counsel who takes an approach [the court] would not have chosen is guilty of rendering ineffective assistance." *Id.* (internal quotation marks and brackets omitted).   "Given the strong presumption in favor of competence, the petitioner's burden of persuasion—though the presumption is not insurmountable—is a heavy one." *Id.*

As noted, under the prejudice component of *Strickland,* a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland,* 466 U.S. at 694.  A "reasonable

probability is a probability sufficient to undermine confidence in the outcome." *Id*. The prejudice prong does not focus only on the outcome; rather, to establish prejudice, the petitioner must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable. *See Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993) ("[A]n analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective."). "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Id*. at 372.

Unless a petitioner satisfies the showings required on both prongs of the Strickland inquiry, relief should be denied. *Strickland,* 466 U.S. at 687.  Once a court decides that one of the requisite showings has not been made, it need not decide whether the other one has. *Id.* at 697; *see Duren v. Hoppe*r, 161 F.3d 655, 660 (11th Cir. 1998).

In the guilty plea context, a modified *Strickland* test is used; "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 US. 52, 59 (1985).  A mere allegation by a defendant that he would have insisted on going to trial but for counsel's errors is insufficient to establish prejudice; rather, the court will look to the factual circumstances surrounding the plea to determine whether the defendant would have proceeded to trial.  *See Miller v. Champion*, 262 F.3d 1066, 1072 (10th Cir. 2001); *United States v. Arvantis*, 902 F.2d 489, 494 (7th Cir. 1990).

9

Here, because the Alabama Court of Criminal Appeals ruled on the merits of Thomas's claims of ineffective assistance of counsel, this court's § 2254 review under *Strickland* is another step removed from the original analysis or, as the Supreme Court puts it, "doubly deferential," giving "both the state court and the defense attorney the benefit of the doubt." *Burt v. Titlow*, 521 U.S. 12, 15 (2013) (quotation marks and citation omitted); *see Tanzi v. Sec'y, Florida Dep't of Corr.*, 772 F.3d 644, 652 (11th Cir. 2014).

### C.    Thomas's Claims

#### 1.    *Counsel's Failure to Negotiate Reasonable Plea Bargain*

Thomas claims, as he did in his Rule 32 petition, that his trial counsel was ineffective for failing to negotiate a reasonable plea bargain "offering the least amount of prison time possible" for his offense.[3]  Doc. No. 1 at 5.

In its memorandum opinion affirming the denial of Thomas's Rule 32 petition, the Alabama Court of Criminal Appeals found that this claim by Thomas did not establish ineffective assistance of counsel.  Doc. No. 10-8 at 9.  Specifically, the Court of Criminal Appeals noted that Thomas failed to plead "what 'better' plea counsel *could* have obtained

---

[3] In an affidavit filed prior to the evidentiary hearing on Thomas's Rule 32 petition, Thomas's trial counsel averred that "[a]fter numerous conferences with Mr. Thomas and with the prosecuting attorney, and after a review of the discovery materials and all the evidence, it was my opinion that Mr. Thomas would likely be convicted of Reckless Murder upon a trial of the case and face a sentence of 10 years to 99 years."  Doc. No. 10-4 at 10.  Counsel also averred that he told Thomas the prosecutor had agreed to recommend a 20-year sentence if Thomas pleaded guilty.  *Id.*  At the evidentiary hearing, counsel clarified that there was not a formal agreement regarding a sentencing recommendation (although the prosecutor did recommend 20 years, which was the sentence imposed), and that the trial court would not have been bound to accept any agreed-upon sentencing recommendation.  Doc. No. 10-5 at 24–26.  In his affidavit, counsel also averred that he told Thomas it was his opinion that if he proceeded to trial and was convicted, the court was likely to hand down a sentence of 30 years or more.  Doc. No. 10-4 at 10.

from the State, i.e., he did not plead what other plea the State would have agreed to present to the trial court or plead that the trial court would have accepted a different plea." *Id.* at 9–10.

In *Missouri v. Frye*, 566 U.S.133 (2012), and *Lafler v. Cooper*, 566 U.S. 156 (2012), the Supreme Court clarified that the Sixth Amendment right to effective assistance of counsel under *Strickland* extends to the negotiation and consideration of plea offers that lapse or are rejected. *See Fry*e, 566 U.S. 138–46; *Lafler*, 566 U.S. at 162–64. In *Frye*, the Supreme Court held that a component of the Sixth Amendment right to counsel in the plea bargaining context is that "defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." 566 U.S. at 145. To show prejudice resulting from deficient performance in this context, a defendant must demonstrate a reasonable probability he would have accepted the plea offer had it been communicated. *Id.* at 147. The defendant must also demonstrate a reasonable probability the plea would have been entered without the prosecution canceling the offer or the trial court refusing to accept it. *Id.* Under *Lafler*, deficient performance by counsel comprises giving constitutionally deficient advice based on which the defendant decides not to accept a plea offer and then is convicted at the ensuing trial. 566 U.S. at 162–66. Prejudice in this context occurs when, absent the deficient advice, the defendant would have accepted the plea offer and "the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." *Id.* at 164.

Thomas presents no evidence that the State was willing to engage in plea negotiations or offer a plea agreement on terms more favorable to him. Consequently, he fails to show that his trial counsel could have obtained a plea bargain offering less prison time than he actually received. Thus, Thomas has not demonstrated, as required by *Frye* and *Lafler* and by *Strickland*, that there was a reasonable probability that the result would have been different but for counsel's alleged deficient performance. On this record, and in view of the deference afforded to the state court's rejection of this ineffective assistance claim on the merits, Thomas has failed to show he is entitled to federal habeas corpus relief.

### 2. *Counsel's Failure to Explain Elements of Reckless Murder and Lesser-Included Offenses and Failure to Obtain and Explain Indictment and Presentence Report*

Thomas claims his trial counsel was ineffective for failing to explain the elements and required mental state for the offense of reckless murder, for failing to explain the elements of the lesser-included offenses, and for failing to obtain and explain the indictment and presentence report to him before he pleaded guilty. Doc. No. 1 at 7–8 & 14. According to Thomas, his counsel's deficiencies regarding these matters rendered his guilty plea unknowing and involuntary because he did not understand the nature of the charges against him or the possible sentence he faced, and he would not have pleaded guilty "if he had known this information." *Id.*

Addressing these allegations by Thomas, the Alabama Court of Criminal Appeals stated:

> Thomas claims that he would not have entered a guilty plea if his counsel had explained the necessary mental state and elements of reckless

murder. This claim, if true, does not establish ineffective assistance of counsel. Thomas did not plead that he was unaware that he was charged with reckless murder or that he did not understand the nature of this offense. In *Ex parte Smith*, 548 So. 2d 1050, 1053 (Ala. 1989), the Alabama Supreme Court stated:

> "It is our interpretation of the *Henderson [v. Morgan*, 426 U.S. 637 (1976)], opinion, supra, that the United States Supreme Court did not create a per se rule that all elements of an offense must be explained to the defendant. We are of the opinion that it is important for a defendant to understand the nature of the offense. It is necessary for the defendant to be given 'real notice' of the offense with which he has been charged. *See Henderson*, 426 U.S. at 645, 96 S.Ct. at 2257."

From Thomas's own pleadings, it is clear that Thomas was aware that he was charged with reckless murder based on his causing an automobile accident, while under the influence of alcohol, in which an occupant of the other automobile was killed. Thus, even if counsel's performance in this regard was deficient, and we are not ruling so, the pleadings, if true, do not establish that Thomas suffered prejudice as a result.

. . . .

Thomas contends that his counsel was ineffective because counsel did not allow Thomas to read the indictment or presentence report that, Thomas alleges, contained information that would have affected his decision to plead guilty. This allegation, if true, does not establish counsel's deficient performance or that Thomas suffered prejudice. The basis of this claim is that if Thomas had read the indictment and the presentence report he would not have believed counsel when counsel informed him that he would serve only five years in prison. The content of the indictment and the presentence report has no bearing on what assurances counsel may have made regarding the time Thomas would actually serve in prison after accounting for parole considerations. Additionally, it appears from Thomas's pleadings and the circuit court's order that the trial court advised Thomas of the charge and the possible range of his sentence and that with this knowledge, Thomas opted to enter a guilty plea.

As to the above claim, nothing in Thomas's pleadings establishes either *Strickland* requirement. Thus, Thomas's pleadings as to these claims fail to

> establish counsel's deficient performance or that Thomas suffered prejudice
> due to counsel's performance.

Doc. No. 10-8 at 10–11.  The Alabama Court of Criminal Appeals also denied relief on

Thomas's claim that his counsel was ineffective for failing explain the elements of the

lesser-included offenses to him because Thomas "did not plead that there existed any legal

basis for the lesser offense." *Id.* at 10.

Here, the state court found that the record as a whole supported the conclusion that

the trial court advised Thomas of the charges against him and that Thomas understood

those charges.  Further, the state court found that Thomas was fully advised of the possible

range of his sentence before he pleaded guilty.  Finally, the state court found that Thomas's

Rule 32 petition did not set forth facts demonstrating Thomas was guilty only of a lesser-

included offense of the charge in the indictment.  Thomas does not offer "clear and

convincing evidence" to rebut the presumption of correctness afforded to the state court's

factual determinations.  *See* 28 U.S.C. § 2254(e)(1).  The state court decision denying

Thomas relief on his claims of ineffective assistance of counsel was neither contrary to nor

an unreasonable application of clearly established federal law, and it did not involve an

unreasonable determination of the facts in light of the evidence presented.  28 U.S.C. §

2254(d)(1) & (2).  Therefore, Thomas is not entitled to habeas relief on these claims.

### 3.  *Duress, Deception, and Misrepresentation by Counsel*

Thomas claims his guilty plea was the product of duress, deception, and

misrepresentations by his counsel, who he says urged him to plead guilty as a way to end

the physical and mental suffering he was undergoing from injuries he sustained in the car

wreck for which he was charged.  Doc. No. 1 at 14.  Absent this duress and the coercion

by counsel, Thomas says, he would not have pleaded guilty.  *Id.*

The Alabama Court of Criminal Appeals denied Thomas relief on this claim,

finding:

> Thomas contends that counsel coerced Thomas into entering a guilty plea by exploiting Thomas's dire medical circumstances.  Thomas claims that counsel told Thomas that if he entered a guilty plea he would be transferred from the Montgomery Detention Facility to a State prison where he would receive proper care.  Moreover, Thomas also claimed in his "reply brief and motion to amend" that he did not truthfully answer the trial court's questions during the plea proceedings because his counsel had instructed him to remain silent during the guilty plea colloquy.

> Rule 14.4(a)(2), Ala. R. Crim. P., requires that, before accepting a guilty plea, the trial court determine that a guilty plea is voluntarily entered and not entered due to coercion.  The circuit court found in its order denying the petition that Thomas asserted during the guilty plea colloquy that he was not promised anything in exchange for entering a guilty plea.

Doc. No. 10-8 at 13.

"While a guilty plea taken in open court is not invulnerable to collateral attack in a

post-conviction proceeding, the defendant's representations during the plea-taking carry a

strong presumption of verity and pose a 'formidable barrier in any subsequent collateral

proceedings.'"  *Voytik v. United States*, 778 F.2d 1306, 1308 (8th Cir. 1985) (citations

omitted).   "Solemn statements in open court carry a strong presumption of veracity."

*Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *see United States v. Medlock*, 12 F.3d 185,

187 (11th Cir. 1994).  Here, Thomas fails to overcome the presumption that his affirmations

when entering his guilty plea were true.  The state court decision denying Thomas relief on

this claim of ineffective assistance of counsel was neither contrary to nor an unreasonable

application of clearly established federal law, and it did not involve an unreasonable determination of the facts in light of the evidence presented.  28 U.S.C. § 2254(d)(1) & (2). Therefore, Thomas is entitled to no relief on this claim.

### 4.   Counsel's Advice Regarding Parole Eligibility and Sentence

Thomas claims his trial counsel was ineffective for advising him he could be paroled after serving no more than 5 years in prison if he pleaded guilty when, under Alabama law, he would not be eligible for parole consideration before serving 15 years of his sentence.[4] Doc. No. 1 at 10.

The Alabama Court of Criminal Appeals addressed this claim as follows:

> Thomas contends that his trial counsel rendered ineffective assistance by incorrectly advising Thomas that he could be paroled after serving no more than five years in prison if he entered a blind guilty plea to reckless murder.  He asserts that this information was "a false promise by his attorney, Masdon, on which Thomas relied to his detriment."  (Thomas's brief at p. 7.) Thomas asserts that he would not have entered a guilty plea had he known this was incorrect. "'[A] misrepresentation by a defendant's counsel, if material, may render a guilty plea involuntary.'  *Ex parte Blackmon*, 734 So. 2d 995, 997 (Ala. 1999).  *See also Minor v. State*, 627 So. 2d 1071 (Ala. Crim. App. 1992)."  *Johnson v. State*, 988 So. 2d 1069, 1072 (Ala. Crim. App. 2007.

---

[4] Article One, § 9 of the Alabama Board of Pardons and Paroles Rules, Regulations, and Procedures states:

> Excluding those crimes committed prior to March 21, 2001, when an inmate is convicted of one or more of the following Class A felonies, the initial parole consideration date shall be set in conjunction with the inmate's completion of eighty-five (85) percent of his or her total sentence or fifteen (15) years, whichever is less, unless the designee finds mitigating circumstances: Rape I, Kidnapping I, Murder, Attempted Murder, Sodomy I, and Sexual Torture; Robbery I with serious physical injury, Burglary I with serious physical injury, and Arson I with serious physical injury.  Serious physical injury in this paragraph is as defined in title 13A-1-2(14) of the Alabama Code.

*See* Doc. No. 10-8 at 4 n.3.

16

A hearing was conducted on remand at which Thomas's counsel, Samuel Lee Masdon, testified that he did not assure Thomas that he would serve only five years if he pleaded guilty. Masdon testified that he never gives a client an assurance regarding how much time they will serve. However, he did tell Thomas that there was a possibility that he would be eligible for parole after serving about one-third of a 20-year sentence. Masdon further testified that after 35 years of practicing law, he was unaware that following a murder conviction, parole may be granted only after the defendant serves 85% or 15 years, whichever is less. Thomas testified that Masdon did tell him that he would only serve 5 years in prison if he entered a guilty plea. The trial court entered a written order

> "The Court, upon hearing testimony from both parties, hereby finds that this matter is due to be Dismissed. The Court feels that Attorney Masdon did not promise the Petitioner a specific sentence, but merely discussed the potential sentencing range as it pertained to the amount of time one may serve in the penitentiary, based on his knowledge of the legal system."

(Record on Return to Remand, CR. 7.)

Based on the above, the circuit court's denial of Thomas's Rule 32 petition in affirmed.

Doc. No. 10-8 at 14–15.

Here, reasonable jurists could agree with the state court's decision that despite counsel's statement to Thomas that there was a possibility he would be eligible for parole after serving about one-third of a 20-year sentence, such a statement was not a promise or assurance by counsel that overcame Thomas's exercise of his free judgment in deciding whether to plead guilty. In its first order, in which the trial court denied Thomas's remaining Rule 32 claims, the court noted that Thomas asserted during his guilty plea colloquy that he had not been promised anything in exchange for pleading guilty. Doc. No. 10-1 at 53. As previously indicated, Thomas's statements to the court during his guilty

plea colloquy carry a strong presumption of veracity. *Blackledge*, 431 U.S. at 74 (1977); *Medloc*k, 12 F.3d at 187. Further, the mere hope, subjective belief, or expectation of a defendant regarding his sentence that is not based upon a promise by counsel is insufficient to render a guilty plea involuntary. *See Norman v. McCotter*, 765 F.2d 504 (5th Cir. 1985); *Johnson v. Lockhart*, 746 F.2d 1367 (8th Cir.1984). Habeas relief should not be granted based on a petitioner's subjective version of his understanding of the terms of his guilty plea. *See Nichols v. Perini*, 818 F.2d 554, 558–59 (6th Cir. 1987).

The record supports the state court's finding that Thomas's counsel did not affirmatively promise Thomas he would serve only 5 years in prison. Thomas does not establish that the state court's decision was contrary to or an unreasonable application of clearly established federal law. 28 U.S.C. § 2254(d)(1). Likewise, he does not establish that the state court's decision was based on an unreasonable determination of the facts in light of the evidence presented at the state proceeding. 28 U.S.C. § 2254(d)(2). Thomas fails to offer clear and convincing evidence to contradict any of the state court's factual determinations. 28 U.S.C. § 2254(e) (1). Accordingly, Thomas is not entitled to habeas relief on this ground.

## IV.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and this case be DISMISSED with prejudice.

It is further

ORDERED that on or before September 26, 2018, the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of factual and legal issues covered in the Recommendation and waives the right of a party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

Done, on this the 12th day of September, 2018.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge